NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL RENAUD,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF ENGELWOOD CLIFFS; MAYOR MARIO M. KRANJAC, in his individual and official capacity; COUNCIL BOROUGH OF ENGELWOOD CLIFFS in their individual and official capacity; and JOHN and JANE DOES 1, 2, and 3; and A, B, and C COMPANIES,<br><br>Defendants. | Civil Action No.: 17-3119 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the Borough of Englewood Cliffs *et al.*'s (collectively, "Defendants") Motion to Dismiss Plaintiff Paul Renaud's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3 ("Motion")). Plaintiff opposes Defendants' motion. (ECF No. 7 ("Opposition")). The Court has given careful consideration to the parties' submissions. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons set forth below, Defendants' motion is granted.

II. **BACKGROUND**

Plaintiff Paul Renaud ("Plaintiff") is a former Construction Code Official, Building Sub-Code Official, Zoning Code Enforcement Officer, and Fire Inspector of Englewood Cliffs, NJ.

(ECF No. 1 Exhibit 1 ("Complaint") ¶¶ 15-16). Defendants are the municipality of Englewood Cliffs ("Englewood") and its governing body, composed of Major Mario M. Kranjac ("Kranjac") and the Council Borough of Englewood Cliffs ("Council" or "the Council"). (*Id.* ¶¶5-6).

Plaintiff was initially appointed to his position by a Democrat-majority Council in January of 2006 and continued in such capacity until his employment was terminated in January of 2011 by a newly-elected Republican-majority Council. (*Id.* ¶ 10, 13). The present cause of action involves Plaintiff's reappointment to a four year term on January 1, 2012 by a successive Democrat-majority Council. (*Id.* ¶¶ 15, 16). Plaintiff was to serve his four year term until December 31, 2015. (*Id.* ¶ 16). Plaintiff does not provide specific information regarding his employment status post December 31, 2015, but alleges that on December 15, 2016[1] Kranjac and the then Republican-majority Council terminated his employment. (*Id.* ¶ 19).

Plaintiff contends that, prior to his termination, he became tenured in the aforementioned positions on March 31, 2016 as per N.J.S.A. 52:27D-126, and that, due to his tenure, Defendants could not have terminated or removed him from those positions except for "just cause after a fair and impartial hearing." (*Id.* ¶¶ 17, 22). Plaintiff alleges that, to date, Defendants have yet to conduct an impartial hearing or to find "just cause" for his termination. (*Id.* ¶¶ 23, 24). Plaintiff also contends, *inter alia*, that Defendants terminated his employment in part because of his association with members of a political party (*Id.* ¶ 35), and presently brings six causes of action[2]:

---

[1] At various points in the Complaint, Plaintiff refers to his termination as occurring either on December 14, 2016 or December 15, 2016. (*Compare* Complaint ¶ 19 ("...on December 15, 2016, the Republican Major and Council terminated Plaintiff's employment") *with* Complaint ¶ 21 ("On December 14, 2016 at the Major and Council meeting, the Major and Council summarily terminated Plaintiff's employment with Englewood Cliffs.") Noting the discrepancy, the Court refers to December 15, 2016 as the date of termination for the purposes of this Opinion.

[2] Phrasing for the above six Counts is taken directly from Plaintiff's complaint and does not reflect the Court's framing of the issues.

(1) Breach of N.J.S.A. 52:27D-126-Uniform Construction Code ("Count I"); (2) Violation of Constitutional Rights N.J.S.A. 10:6-1 *et seq.* ("Count II"); (3) Protection from Fundamental Unfair Government Action ("Count III"); (4) New Jersey State Constitutional Rights Violation ("Count IV"); (5) "Pierce Claim" ("Count V"); and (6) "Tortious interference with contract/economic advantage" ("Count VI"). (*Id.* at ¶¶ 25-30, 31-37, 38-43, 44-48, 49-52, 53-57).

On March 13, 2017, Plaintiff filed his Complaint with the Superior Court of New Jersey, County of Bergen, Finance Division. (ECF No. 1 at 1). On May 4, 2017, Defendants removed the case to this Court. (*Id.* at 2.) On May 25, 2017, Defendants filed their Motion to Dismiss the Complaint. (ECF No. 3). On June 19, 2017, Plaintiff filed his Opposition to the motion. (ECF No. 7 ("Opposition")). On June 26, 2017, Defendants filed their Reply in further support of their Motion to Dismiss. (ECF No. 8 ("Reply")).

In their Motion to Dismiss, Defendants argue that Plaintiff never obtained tenure protection and accordingly had no protectable interest in his position, and that, even if Plaintiff had obtained tenure, he has failed to sufficiently allege that his termination was a violation of his constitutional rights or public policy. (Motion at 1-2).

### III. LEGAL STANDARDS

#### A. Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. City of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated... Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV. DISCUSSION

For the reasons set forth below, this Court finds that Plaintiff has insufficiently pled his United States Constitution claims and will dismiss Count II to the extent it alleges a federal cause of action. Additionally, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over any remaining state-law claims arising in the Complaint. Accordingly, the Court will grant Defendants' Motion to Dismiss.

### A. United States Constitutional Claims

Plaintiff cites to the United States Constitution in Count II, appearing to bring both a New Jersey State Constitution claim and an independent federal claim under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights of freedom of speech and association. (Complaint ¶¶ 36, 50; Opposition at 9-11). Specifically, Plaintiff contends that Defendants terminated his employment because of his political associations. (Complaint ¶ 35). The Court

addresses Plaintiff's federal constitutional claims here.

To make out a claim of discrimination based on political association, a public employee must demonstrate "(1) that the employee works for a public agency in a position that does not require a political affiliation, (2) that the employee maintained an affiliation with a political party, and (3) that the employee's political affiliation was a substantial or motivating factor in the adverse employment decision." *Robertson v. Fiore*, 62 F.3d 596, 599 (3d Cir. 1995) (citing *Laskaris v. Thornburgh*, 733 F.2d 260, 265 (3d Cir. 1984). *See also Lapolla v. County of Union*, A.3d 458, 467 (N.J. App. Div. 2017) (citing *Communications Workers of America, AFL-CIO v. Whitman*, 762 A.2d 284, 288-89 (N.J. App. Div. 2000) ("[Plaintiff] has not identified any 'expressive exercises or beliefs' of his that were 'sufficiently similar to those of the plaintiffs in the seminal cases' to be protected by the First Amendment").

Here, Plaintiff fails to sufficiently plead the second *Robertson* element. Plaintiff's Complaint makes no reference to Plaintiff's political affiliation or to any actions he has taken in support of a particular political party. Nor does Plaintiff allege that Defendants believed Plaintiff had any political affiliation or actively supported any political party. Instead, Plaintiff merely relies on his statement that his "association with members of a political party was a motivating factor in Defendants' decision to terminate [him]." (Complaint ¶ 35). In so doing, Plaintiff does not allege political affiliation, the nature of this "association," or any other fact which might support the inference that Plaintiff maintained an affiliation with a political party or that political affiliation was a motivating factor in his termination.[3]

---

[3] Notably, in his Opposition, Plaintiff asserts that "[Plaintiff] is affiliated with a certain political party and has criticized and spoken out against the political party which sought to terminate him" (Opposition at 9). Plaintiff's Complaint, however, does not contain such language or express allegations, and a complaint cannot be amended (or supplemented) by way of an opposition brief. *See Pennsylvania ex rel. v. Zimmerman v.*

5

Likewise, Plaintiff cannot sustain a claim that his termination was a violation of any other constitutionally protected activity, as he goes on to argue in his Opposition. (*See* Opposition at 9-11). Outside of his insufficiently pled political association claim, (Complaint ¶¶ 34-35), Plaintiff does not allege any facts which might support that he engaged in a protected activity. As such, Plaintiff has failed to articulate any facts entitling him to relief for a violation of 42 U.S.C. § 1983, and the Court will dismiss Plaintiff's federal claims made thereunder.[4]

**B.      Remaining State Law Claims**

As to Plaintiff's remaining state law claims, the Court declines to exercise supplemental jurisdiction. The basic statutory grant of federal court subject-matter jurisdiction provides for federal-question jurisdiction and for diversity of citizenship jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. §§ 1331, 1332). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* Here, as Plaintiff failed to state a cognizable federal claim, the Court does not have federal question jurisdiction. To invoke § 1332, Plaintiff must state "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000." *Id.* Here, as Plaintiff cannot plead complete diversity of citizenship, the Court cannot consider his claims under diversity jurisdiction. Further, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over any remaining state-law claims arising in the Complaint. Accordingly, the Court dismisses Plaintiff's Complaint in its entirety.

---

*Pepsico*, 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

[4] In their Reply Brief, Defendants make the additional argument that Plaintiff is a policymaker and as such cannot, as a matter of law, suffer political affiliation retaliation. (Reply at 3-4 (citing *Galli v New Jersey Meadowlands Comm'n*, 490 F.3d 265, 271 (3d Cir. 2001))). Because the Court finds that Plaintiff did not sufficiently plead his claims, the Court need not respond to this argument at this time.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted. To the extent Plaintiff can cure the pleading deficiency by way of amendment, Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order accompanies this opinion.

CLAIRE C. CECCHI, U.S.D.J.

Dated: March 16, 2018